## SUPREME COURT.

### RANNEY agt. SMITH.

A statement of *set off* in the answer, § 149, is a *defence* under § 150.

In stating a set off comprising promissory notes, judgment, chattel mortgage, &c., is it necessary that each note, &c., should be stated in a *separate statement of new matter?* *Held,* that it is not objectionable to include *all* the set off in the *same statement of new matter;* each note, &c. being separately described, with the necessary averments.

*Erie Special Term, August* 1851. The action is upon a note. The answer puts in issue the material allegations of the complaint; and by way of *new matter* states a set off, composed of sundry items, among which are four notes. The defendant in that part of the answer relating to the notes, alleges the plaintiff's indebtedness to the defendant of the further sum of five hundred dollars on four several notes, executed and delivered by the plaintiff, &c.; and the copies of the notes are then given in the answer. The defendant then states a judgment against the plaintiff as a set off, and a chattel mortgage; avers a promise to pay, and that he will set off the moneys due and owing from the plaintiff against any demand of the plaintiff, to be proved on the trial, and claims a judgment for any balance.

The plaintiff moved to strike out or set aside that part of the answer *relating to the notes,* upon the ground that the notes, set forth in that part of the answer, are not *separately stated.*

J. L. TORRANCE, *for Plaintiff.*

D. BOWEN, *for Defendant.*

MARVIN, Justice.—The answer of the defendant may contain a plain and concise statement of any new matter constituting a defence or set off, without unnecessary repetition. The words " set off," first occur in this part of the Code in the revision of 1851. It is argued by the plaintiff's counsel that each note constitutes a *defence* and that each note should be *separately stated* in the answer. It is not necessary now to consider the question whether under the Code, previous to the late amendment, a defendant could state a set off in his answer as a *defence*. I do not wish to be understood as intimating a doubt upon this question. Set offs have been constantly pleaded under the new system.

The Code now expressly authorizes a statement of *set off* in the answer, § 149, and I shall recognize it as a *defence* under § 150, though it is not there repeated. This latter section requires that each defence shall be *separately stated*. What constitutes a defence here? *Set off.* And of what is the set off composed? The notes, judgment and chattel mortgage stated in the answer. It is argued that each note constitutes a defence to the extent it may reduce the plaintiff's demand, and that therefore each note should be stated in a *separate statement of new matter*, in the answer. This does not follow. We are to have regard to the nature of the defence, and here all the notes constitute a set off. I am not now considering how these notes should be described or set out in the answer; but it is not objectionable to include all the set off in the *same statement of new matter*. This was admissible in a plea under the system superceded, although a declaration formed in the same way would have been bad for duplicity. The general rule was that in point of form, the plea of set off should contain all the requisites essential to the validity of other pleas in bar ( 1 *Chit. Pl.* 495; *Barb. on Set Off,* 79). Duplicity, however, in a plea of set off was not a cause of demurrer; in other words a defendant was permitted to include in the plea any and all debts or demands which by law he was allowed to set off. This plea so much re-

sembled a declaration, that two parts of it were considered as two counts in a declaration, and if one part of it was good, a general demurrer to the whole was bad; and in this respect a plea of set off differed from other pleas in bar; for, generally, if one part of a plea in bar was bad, the whole was bad (*Barb. on Set Off*, 83, and cases cited; 1 *Chit. Pl.* 457; 1 *East R.* 369). See form of a plea setting off a debt on recognizance; and also debts or demands on simple contract (*App. to Barb. on Set Off*, 178), and replication to the plea (*p.* 192), *nul tiel* record to the plea stating the recognizance and *nil debet* to the remainder. Also at *page* 187, a plea of set off of two bonds,; at *page* 174, a plea of set off of bill of exchange and promissory notes; also *Chit. Pl.* 969.

It was not objectionable to state in the same plea of set off any number of debts or demands which the law allowed to be set off. Nor is there now any objection under the Code. The right of set off in actions at law, is derived from the statute. "A defendant may set off demands which he has against the plaintiff." "To entitle a defendant to a set off he must plead or give notice of the same" (2 *R. S.* 354, § 18 and 19). Notice of set off is no longer admissible.

I have referred to forms to show the manner of stating the various demands in the plea. In stating the *particular* demand nearly, the same strictness was required as in counting in a declaration upon the same debt or demand. Thus a judgment was described in the same manner as in a declaration upon the judgment, and if the same plea contained a note or bill of exchange, the note or bill was separately described as it would have been in a declaration, with all the averments necessary to show the liability of the plaintiff as the maker, endorser, drawer or acceptor. And I should have no doubt, but for one of the late amendments, a like particularity and separation would be required under the Code. That the answer stating the defence of set off should state, as new matter, the facts constituting the cause of action or demand against the plaintiff as a set off, in the same manner and with the same particularity as those facts would be stated in a complaint. And when two or more notes, judgments or bonds, or other distinct demands are intended to be set off, each of them

Ranney agt. Smith.

should be separately and particularly described, with all the allegations or averments necessary to show the liability of the plaintiff, and so as to enable him in his reply to take issue by denying any of the material allegations pertaining to each note, judgment or bond, or other particular demand; or to avoid the same by alleging new matter. But all demands constituting the set off may be contained in the *same statement of new matter* in the answer. Each demand, which in a complaint should be separately stated as constituting by itself a cause of action, being separately described or stated with the necessary averments, and all constituting the defence of set off.

The recent amendment above alluded to, is in section 162. It is that " in an action or defence founded upon an instrument for the payment of money only, it shall be sufficient for the party to give a copy of the instrument, and to state that there is due to him thereon from the adverse party a specified sum, which he claims."

If it is intended by this to dispense with a statement of facts constituting the cause of action, or of new matter constituting a defence, it is a wide departure from the system of pleading as previously established by the Code. How are issues to be formed? May a complaint contain simply a copy of the note followed by the allegation that there is due to the plaintiff a certain sum and that he claims such sum. If so, upon what is the defendant to take issue? I design not to intimate how these questions may be decided, or whether the courts may not still require some allegation of the making of the note, &c., still giving effect to the 2d subdivision of § 142, and combining it with the amendment to § 162. In the present case the defendant has given copies of the notes which he proposes to set off, preceded by averments of the making and delivering of the notes; and I am inclined to think, under the Code as now amended, he has substantially complied with its provisions. The motion is denied, but without costs.