JONAS CONKLING and THEODORE H. CONKLING v. JAMES R. GANDALL impleaded with GEORGE L. BURDICK and CHAS. FINN.

The mere fact of indorsement of negotiable paper gives no right of action against the indorser. His contract is conditional, and depends on facts outside the written instrument.

His promise to pay is conditioned that the holder shall present the note for payment; and if payment is refused, notice shall be given to him at the time and in the manner required by law.

Facts necessary to be proved to sustain an action, must be stated in the complaint as giving a cause of action.

The meaning of section 162 of the Code commented upon by WRIGHT, J.

APPEAL from judgment of Supreme Court. The action was against Burdick, Finn and Gandall. The complaint averred that the defendants, Burdick and Finn, made their certain copartnership promissory note in the words and figures following, that is to say:

"Fort Edward, *July* 11*th*, 1858.
"$256.58. Four months after date, for value received, we promise to pay to the order of J. K. Gandall, two hundred and fifty-six dollars and fifty-eight cents, at the Bank of Fort Edward, with interest.          BURDICK & FINN."

The said note was indorsed as follows:
"J. R. Gandall, Salem, Washington Co., N. Y."
That such indorsement was so made by the above named defendant, James R. Gandall.

That the said plaintiffs are now the owners and holders of the said promissory note, and that the whole amount thereof, with interest, is due from the said defendants thereupon. Wherefore the said plaintiffs demand judgment, etc.

The defendants, Burdick and Finn, did not appear in the action. The defendant, Gandall, demurred to the complaint on the grounds:

1. Defect of parties defendant, in that Gandall is improperly made a party defendant. 2. The complaint does not state facts sufficient to constitute a cause of action. 3. The complaint does not aver presentment of said note for

payment, demand or refusal, or protest, or notice to defendant Gandall.

The Special Term overruled the demurrer, with leave for the defendant to answer on payment of costs. Gandall appealed to the General Term from the order, where the same was affirmed. Judgment having been entered against him, he appeals to this court.

*O. L. Stewart,* for the plaintiffs.

*L. H. Northrup,* for the defendant Gandall.

WRIGHT, J. This judgment, I think, cannot be sustained. A complaint, under the Code, must contain "a plain and concise statement of the facts constituting a cause of action" (Code, § 142), and it may be demurred to if it does not. (§ 144.) No cause of action was stated against the defendant Gandall. The only allegation affecting him is, that he indorsed a promissory note for $256.58, made by the firm of Burdick & Finn, payable to his order at the bank of Fort Edward, four months after date, which the plaintiffs own and hold. This is not stating a cause of action against an indorser. The mere fact of indorsement of a negotiable promissory note gives no right of action or entitles the holder to recover against the indorser. Without resorting to the contract of the indorser, which the law implies, the indorsement of such a note is nothing but an order upon the maker to pay its contents to the lawful holder. Such a note, although indorsed, contains no promise to pay on the part of the person indorsing it. His contract is conditional, not absolute, and depends on facts outside of the written instrument. He promises to pay only on condition that the holder shall present the note for payment, and if payment is refused notice shall be given to him at the time and in the manner required by law. This demand of payment and notice of dishonor, or facts by which they are excused, must be proved on the trial to establish his liability, and facts thus necessary to be proved, as they constitute in part the cause of action, must be averred in the complaint.

The complaint, therefore, as against the appellant Gandall, was insufficient and bad on demurrer, unless the requirements of section 162 are dispensed with by another section of the Code.

It is provided in section 162, chapter 5, of the Code entitled "General rules of pleading" that "in an action or defense, founded upon an instrument for the payment of money only, it shall be sufficient for the party to give a copy of the instrument, and to state that there is due to him thereon from the adverse party, a specified sum which he claims." The precise intention of the legislature, or the framers of the Code by this provision, is not clear, but certainly it was not meant that a complaint should be good, that merely set forth a copy of the instrument, with a statement that there was due to the plaintiff thereon, from the person named as a defendant, a specific sum, without averring that the defendant executed or delivered the instrument, or that it belonged to the plaintiff or in any way averring the defendant's liability or the plaintiff's title. Such a mode of pleading would be so loose, vague and indefinite, that it is not to be assumed that the legislature intended to sanction it. This, however, would follow if the clause is not to be read in connection with section 142 but construed alone and *strictly*. How are issues to be formed under such a complaint or one dispensing with the requirements of section 142? Take the present case. The instrument is a promissory note; three parties are impleaded as defendants; a copy of the instrument is given accompanied by a statement that there is due thereon, from the persons named as defendants, a specified sum which the plaintiff claims, and there is nothing more. The defendants may interpose by answer a denial, but what issue or issues will be thereby framed? There is but a single fact alleged and that in the most general form upon which an issue can be taken, viz., that there is due from the defendants to the plaintiffs, upon the instrument the sum named. By denying this would it put in issue the making of the note by Burdick and Finn as copartners and the plaintiff's title to it? Manifestly not. Nor did the pleader in this

case so understand it.    It is averred that Burdick and Finn made the note as copartners, a copy of which is set out ; that the defendant Gandall indorsed it, and that the plaintiffs are the owners and holders ; all of which was unnecessary if the provisions of section 142 are dispensed with by section 162, where the " action is founded upon an instrument for the payment of money only."    Although the intended purpose of the last clause of section 162 is not clear, I am inclined to the opinion that it was meant that where the action or defense was founded upon an instrument for the payment of money only, instead of setting forth the instrument according to its legal effect in the body of the complaint or answer, it should be sufficient for the party to give a copy of it.    Be this, however, as it may, it is too improbable to suppose that it was intended in any class of actions, that a complaint should be good, that did not upon its face either by direct averment, or by giving a copy of the instrument upon which the action was founded, with allegations connecting the parties with it or unitedly showing a cause of action ; or which did not contain material allegations to that end, or upon which issues might be taken ; or if not taken, judgment would legally pass against the impleaded parties by default.    In this case the instrument (a copy of which is given) purports to be for the payment of money, but without the averment that it was made by Burdick and Finn, named as defendants, as co-partners, and the plaintiffs' title to it appears in some way (neither of which facts is to be implied from the instrument itself) there would be no statement of a cause of action by the plaintiff against them.    There is certainly no cause of action shown, where the facts upon which a plaintiff grounds his right to recover against a party, whom he may choose to implead as a defendant, do not affirmatively, or by implication, appear upon the face of the pleadings.

Beyond question, the complaint we are considering was sufficient against the defendants, Burdick and Finn.    Their liability and the plaintiff's title appear affirmatively or by implication in the pleading.    It is alleged that as copartners

they made a certain promissory note, of which a copy is given, instead of stating the legal effect of the instrument; and that the plaintiffs are the owners and holders thereof, and that the whole amount is due. Nothing more was required. The instrument itself declares the liability of its makers. It contains an absolute promise of the makers to pay a sum of money, to its lawful holder, at the time specified. There are no conditions to the promise. The instrument is evidence of the amount of the debt, and the effluxion of time by its terms fixes their liability. If the plaintiffs have title to the note at its maturity they are the parties to whom the obligation of absolute payment is due. By proof on the trial of the making of the note by the firm, and the plaintiffs' title to it, their right to recover as against the makers is established. But it is not so as against the defendant Gandall. Alleging and proving simply that he indorsed a note payable to his order would create no liability on his part to the holder. The law implies no contract to pay absolutely from the mere indorsement of a negotiable promissory note. Gandall's indorsement is averred in this complaint, and nothing more affecting him. If this fact had been put in issue and proved on the trial the plaintiffs would not have been entitled to recover against him. His promise is conditional, and his liability depends upon facts outside of the instrument on which his indorsement is made. An action as against him is founded on something more than an instrument for the payment of money only, even though it should be considered that section 162 of the Code would embrace the case of the makers of a promissory note, whose promise is contained in civil contract evidenced by the instrument itself. Payment of the note must be first properly demanded by the makers, and due notice given to the indorser before any legal liability attaches to the latter. A complaint that does not aver facts, entitling the plaintiff to recover against a party, and they do not appear in the instrument set forth or to be implied therefrom, must be defective. If it be necessary as against an indorser (which it unquestionably is) to establish his liability, to prove a demand of payment and

notice of dishonor of the note, it is incumbent upon the pleader to state these facts, otherwise the cause of action is defectively stated.

Whatever, therefore, may have been the legislative purpose in the enactment of section 162, it was not intended to include the case of a party whose liability was not absolutely fixed by and expressed in the instrument, but depended for its ever attaching on conditions precedent. Nor do I think in any case, even in that of the makers of a promissory note, the effect of the section is to dispense with the requirements of section 142. A complaint that did not cover the making of a promissory note, of which a copy was given by the persons sought to be charged as makers, nor showed that the plaintiff was the owner and holder, would in my judgment be bad on demurrer. If this were not so, the system of pleading inaugurated by this Code would be immeasurably more vague and indefinite than that which it assumed to supplant.

The judgment should be reversed.

INGRAHAM, J.   Since the case of *Keteltas* v. *Myers* (19 N. Y., 231), I have considered the law as settled, that in an action upon a promissory note or other instrument for the payment of money solely, it was sufficient in the complaint to give a copy of the note, and state that there is due to the plaintiff, from any party to the note, the sum due thereon. To answer this complaint, a simple denial of indebtedness would be sufficient to put in issue everything connected with the note and claim, unless, perhaps, the execution of the note.

The case of *Prindle* v. *Caruthers* (15 N. Y., 425) held this doctrine upon an instrument for the payment of money other than a note. In that case no cause of action under the ordinary rules of pleading, was stated in the complaint. The court say, " The complaint implies that the plaintiff owns the instrument in some legal way, and that the event has happened on which the payment depends." The same rule, applied to this case, would imply that the defendant indorsed the note, that the note had become payable, and had been duly protested by which the defendant became indebted upon

the note, so that the event has happened upon which the payment depends. I see no more necessity of averring demand of payment, and notice to an indorser under this section of the Code, than to aver a demand of payment at a bank where the note is so payable, to charge the maker. Such a demand, in both cases would be necessarily averred in an ordinary pleading.

The necessity for such a mode of pleading in regard to liability of indorsers upon notes had been dispensed with before the Code, and quite as loose a style of pleading introduced when a plaintiff was allowed to sue makers and indorsers together under the money counts, and indorse a copy of the note upon the pleadings.

It was never held or suggested then that there must be an averment of demand and notice to hold an indorser liable under such a pleading. That statute provided that the plaintiff in any action on promissory notes may deduce upon the money counts alone, and the note be given in evidence where a copy had been served as to all the parties. (2 R. S., p. 276, 2d ed.)

The evident intent of the authors of the Code was to apply the same rules of pleading to actions upon notes brought under the Code, excepting that in lieu of allowing the money counts to be used, as that system of pleading was abolished, they substituting a more simple allegation of indebtedness with a copy of the note, to be substituted for it. This mode of pleading is just as appropriate to an indorser as a maker, and there is no more reason why an indorser should not be sued in this way than the maker. I do not see how any force can be given to that section of the Code, except by applying it to all the parties to a note with the same effect.

The judgment should be affirmed.

Judgment reversed.