## WOODRUFF v. LEONARD, appellant.

*Pleading — sufficiency of complaint in action on promissory note.*

In an action by the payees of a promissory note against the indorser, the complaint alleged that the plaintiffs " for a good and valuable consideration became the owners " of the note. A copy of the face of the note was then set forth. Then followed the allegation that " the defendant indorsed said note at the time of the making thereof." The complaint also averred presentation, non-payment, protest and notice. The defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled as frivolous. *Held*, error. The complaint should have set out the indorsement in *hæc verba ;* and, it seems, that the plaintiffs being the payees, they should have alleged special circumstances, charging the defendant as first indorser.

APPEAL by defendant from a judgment entered on demurrer to complaint as frivolous. The action was brought by Joseph C. Woodruff and another against John Leonard. The opinion states the case.

*George W. McAdam*, for appellant.

*M. P. Stafford*, for respondent.

DAVIS, P. J. This action is brought against defendant as indorser of a promissory note. The plaintiffs allege "that on or about the 20th day February, 1873, the plaintiffs, for a good and valuable consideration, became the owners of a certain negotiable promissory note, of the terms and tenor following, to wit :

" ' $500. NEW YORK, *February* 20, 1873.

" ' Six months after date, we promise to pay to the order of Woodruff & Houston five hundred dollars, at Martin & Runyon's, 40 Wall street, at seven (7) per cent interest from date. Value received.
" ' SIMMONS & MCPARTLIN.'

" That the defendant indorsed said note at the time of the making thereof."

The complaint then avers presentation, protest and notice, and non-payment, and demands judgment for the amount of the note, with interest and costs.

The defendant demurred on the ground that the complaint does not state facts sufficient to constitute a cause of action against him.

The court, on proper application at chambers, ordered judgment for plaintiff on the ground that the demurrer was frivolous, and judgment was thereupon entered, from which the defendant appeals.

It seems to have been supposed that the complaint was good under section 162 of the Code. That section provides that, in an action "founded upon an instrument for the payment of money only, it shall be sufficient for the party to give a copy of the instrument, and state that there is due to him thereon from the adverse party a specified sum which he claims."

But the complaint is not framed under this section. The action is against the indorser only, and the "instrument" on which it is founded is the contract of indorsement upon the note. The note is set forth, but no copy of the indorsement is given. In that respect the complaint contains only the averment that the defendant indorsed the note, without setting out a copy of the indorsement, and, therefore, it fails to comply with section 162. But, if it had set out a copy of the indorsement in *hæc verba*, it would

probably have been essential, since the plaintiffs are payees of the note, to allege the special circumstances charging the defendant, as first indorser, to rebut the presumption that his relation to the paper was that of second indorser. See *Conkling* v. *Gandall*, 1 Keyes, 228.

The case, therefore, presents the simple question, whether, upon the facts averred, the plaintiffs are not presumptively the first indorsers and the defendant the second indorser, so that it is incumbent on plaintiffs to aver the facts and circumstances to overcome the legal presumption, and entitle them to sue the defendant as indorser.

In *Moore* v. *Cross*, 19 N. Y. 227, that was done, and upon the facts averred and proved the recovery was sustained. In *Bacon* v. *Burnham*, 37 N. Y. 614, it was not done, either by averment or proof, and the recovery was reversed.

In the last-named case, BACON, J., said: "The note is made payable to Sweezey or his order, and, being indorsed by the defendant, the legal presumption from this simple fact (nothing appearing to show that he intended to assume any other character) is that his responsibility was that of second indorser, with all the rights, and subject only to the liabilities of that position. It must be supposed, in the absence of any proof to the contrary, that, perceiving the name of the payee in the note, he indorsed it on the presumption that the name of such payee, to whose order it was made payable, would also, at some time, appear upon the note, for only thus would it become negotiable." The authorities cited by him are *Herrick* v. *Carman*, 12 Johns. 159; *Seabury* v. *Hungerford*, 2 Hill, 80; *Ellis* v. *Brown*, 6 Barb. 282; *Moore* v. *Cross*, 19 N. Y. 229; and in the face of so many authorities it is not easy to say that the demurrer is frivolous.

We think the order holding the demurrer to be frivolous was erroneous, and that the judgment based thereon must be reversed, and the motion for judgment on the demurrer denied.

DANIELS and BRADY, JJ., concurred.

*Judgment reversed.*