JUDD v. SMITH.

*Check — notice of demand and refusal necessary to hold drawer.*

In an action upon a check, the complaint did not aver notice to the drawer of demand and non-payment. *Held*, that the drawer could not be made liable.

APPEAL by the defendant, Smith, from an order at the special term giving plaintiff judgment on account of the frivolousness of the demurrer to the complaint.

The action was brought by Sylvanus Judd and others against Chauncy A. Smith and Walter Murray upon a check drawn by Smith and indorsed by Murray. The opinion states the necessary facts.

*L. B. Bunnell*, for appellant.

*A. Prentice*, for respondent.

WESTBROOK, J. The complaint contains two causes of action, each separately stated. The first is upon a check dated Jersey City, August 17, 1872, drawn by the defendant, Smith, for the sum of $1,407 upon the Union Bank, and payable to the order of the defendant, Walter Murray. The second is upon a similar check of $1,320, dated Jersey City, August 24, 1872.

Copies of both checks are given in the pleadings, and they are averred to have been indorsed by the defendant, Murray, and by him delivered for value to the plaintiffs. The complaint further states that the checks was presented for payment and payment was refused, whereupon they were protested for non-payment, and notice of demand of payment, non-payment, and protest, given to the defendant, Murray. The complaint fails to state that notice was given to the defendant, Smith; but it avers a specified sum as due from both defendants to the plaintiffs on each check, for both of which specified sums they claim judgment, with interest and costs.

The defendant, Smith, demurred to the complaint for the alleged reason that it did not " state facts sufficient to constitute a cause of action." Motion was made by plaintiffs for judgment on account of the frivolousness of the demurrer, which was granted at

the special term, and from such order and judgment the defendant, Smith, appeals.

The appeal presents the single question whether the complaint should have averred notice of the presentment and non-payment of the checks to the drawer.

In *Harker* v. *Anderson*, 21 Wend. 372, it was held, COWEN, J. delivering the opinion, that an action does not lie on a bank check against the *drawer* until *after notice* of presentment and non-payment.

Edwards in his treatise on Bills and Promissory Notes, at page 396, says : "It is clear, also, that in an action against the drawer of a check, the holder cannot in general recover, unless he shows that it has been presented for non-payment and dishonored, and that notice of non-payment has been properly given."

Whilst there is some confusion in the cases as to the time within which a check payable on demand should be presented, there seems to be *held* in regard to the necessity of a demand of payment, a refusal to pay, and a notice thereof to the drawer before he can be made liable by suit. If, therefore, the complaint in an action upon a written instrument should state every fact which it is necessary to prove upon the trial, to hold the parties to it, then this demurrer was well taken.

For the reason given in the case of *Conkling* v. *Gandall*, 1 Keyes 228, the case is not within the provision contained in section 165 of the Code. And the order appealed from must be reversed with costs.

*Order reversed.*