WILLIAM T. TOOKER, Respondent, *v.* WILLIAM HENRY ARNOUX, Appellant.

Where the complaint in an action does not state facts sufficient to constitute a cause of action, the objection is available on trial upon motion to dismiss the complaint.

Where a motion to dismiss is made upon that ground, the granting it is not a matter of discretion, but of legal right.

Where the objection was raised and was not waived, and no amendment of the complaint was made or asked for on the trial, the correctness of the ruling denying motion to dismiss must be tested on appeal on the complaint, as it stood, not as it might have been changed by amendment; and if the ruling was erroneous, it is fatal to a recovery.

The provision of the Code of Procedure (Old Code, § 162*) which provided, that in an action upon an instrument for the payment of money only it should be sufficient to set forth a copy of the instrument, and allege the amount due thereon, was not applicable where the liability of the party, by the terms of the instrument, was conditional, and depended upon outside facts; in such case those facts must be averred.

Plaintiff's complaint set forth a copy of an order upon defendant, requesting him to pay to plaintiff a sum specified, "out of moneys to be realized from the sale" of certain houses described; it alleged an acceptance of

---

* See similar provision of Code of Civil Procedure, § 534.

the order by defendant, a payment of a portion of the sum, and that the balance was due. *Held,* that the complaint did not state a cause of action; that a sale of the houses and receipt of money from such sale were conditions precedent to defendant's liability, and should have been averred; and that a denial of a motion to dismiss the complaint on trial was error.

Also, *held,* that a denial in the answer of the receipt of any such moneys did not supplement the complaint in this respect.

(Argued February 13, 1879; decided March 18, 1879.)

APPEAL from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, affirming a judgment in favor of plaintiff, entered upon a verdict.

The facts alleged in the complaint were as follows :

"*First.*—That on or about the 25th day of July, 1872, at the city of New York, James Watson made and delivered to the plaintiff for value his certain draft or order, in the words and figures following :

"NEW YORK, *July* 25, 1872.

"WILLIAM HENRY ARNOUX :

"DEAR SIR—Please pay to William T. Tooker the sum of five hundred and fifty-six (556) dollars, out of the money to be realized from the sale of the houses on the north side of 46th Street, city of New York, and known as Nos. 305, 307 and 309 East 46th Street.

"JAMES WATSON."

"*Second.*—That thereafter, and on or about said day, the plaintiff presented said draft or order to said Arnoux, who thereupon for value duly accepted the same.

"*Third.*—That on the 6th day of August, 1872, said Arnoux paid on account thereof one hundred dollars, and there is now due on said draft or order, from the defendant, the sum of four hundred and fifty-six dollars, with interest from said 25th day of July, 1872."

And judgment was asked for that amount.

The answer admitted the acceptance of the order, the payment of $100, but denied that there was any money realized

from the sale of the houses, or that there was due plaintiff the sum claimed.

At the beginning of the trial, defendant's counsel moved to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The motion was denied, and said counsel duly excepted. Plaintiff offered evidence of the sale of the houses specified in the order. This was objected to by defendant's counsel on the ground that this was not averred in the complaint. No application was made for an amendment of the complaint.

The court directed a verdict for plaintiff, which was rendered accordingly.

*Wm. Henry Arnoux*, appellant, in person. The complaint was defective, in that it did not state facts sufficient to constitute a cause of action against the defendant. (*Munger v. Shannon*, 61 N. Y., 251, 260; *Scofield* v. *Whitelegge*, 49 id., 259; *Atkins* v. *Mauks*, 1 Cow., 691; *Cook* v. *Satterlee*, 6 id., 108; *Worden* v. *Dodge*, 4 Den., 159; *Sackett* v. *Palmer*, 25 Barb., 179; Code, § 162; Code Civil Pro., §§ 533, 534; *Conklin* v. *Crandall*, 1 Keyes, 231.) The averments in the answer did not cure the defects in the complaint. (*Scofield* v. *Whitelegge*, 49 N. Y., 259; *Pelton* v. *Ward*, 3 Cai., 73.) An objection that a complaint does not state facts sufficient to constitute a cause of action may be taken at any stage of the proceedings. (*Coffin* v. *Reynolds*, 37 N. Y., 640; *Schuyler* v. *Smith*, 51 id., 317; *Montgomery Bk.* v. *Albany*, 7 id., 459; *Munger* v. *Shannon*, 61 id, 260, 261; *Enery* v. *Pease*, 20 id., 62; *Winsted Bk.* v. *Webb*, 39 id., 174; *Van Alstyne* v. *Freaday*, 41 id., 174; *Marquat* v. *Marquat*, 12 id., 336.) A defendant has an absolute and unrestricted right to answer the complaint whenever it is amended. (*Brown* v. *Saratoga R. R.*, 18 N. Y., 495; *Seneca Bk* v. *Garlinghouse*, 4 How., 174; *Burrall* v. *Moore*, 5 Duer, 654; *Kanouse* v. *Martin*, 3 Sandf., 593; 2 R. S., 424 [442]; *Harriot* v. *Wells*, 9 Bosw., 631; *Union Bk.* v. *Mott*, 9 How., 267, 114; *Allaben* v. *Walker*, 10 Abb., 162; *Nevins* v·

*Dunlap*, 33 N. Y., 676; *Rider* v. *Powell*, 28 id., 310; *Wood* v. *Hubbell*, 10 id., 479.`

*Charles H. Truax*, for respondent. The instruments referred to in section 162 of the Code of Procedure are of the same description as those mentioned in subdivision 1 of section 129 and in subdivision 1 of section 246. (*Brown* v. *Richardson*, 1 Bosw., 405; *Hard* v. *Seeley*, 47 Barb., 428; *Bull* v. *Sims*, 23 N. Y., 570; *Prindle* v. *Caruthers*, 15 id., 425.) Defendant, by a general denial of the indebtedness, put in issue every fact alleged expressly or impliedly in the complaint. (*Prindle* v. *Caruthers*, 15 N. Y., 429.) If it were necessary to allege in the complaint that defendant had received the money, this defect was cured by the denial in the answer, and might be supplied by amendment by the court. (*Haddon* v. *Lundy*, 59 N. Y., 320, 328; *Bate* v. *Graham*, 11 id., 237; *Pratt* v. *H. R. R. Co.*, 21 id., 313, 314; *Lounsbury* v. *Purdy*, 18 id., 515–520; *Johnson* v. *Hathouse*, 3 Keyes, 126.)

RAPALLO, J. At the opening of the trial the defendant moved to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The motion was denied and exception taken. The reason assigned was that the defendant should have demurred.

This position is in conflict with section 148 of the Code and with many decisions of this court. If the complaint was bad in substance the objection was available on the trial and the motion to dismiss should have been granted. (*Schofield* v. *Whitelegge*, 49 N. Y., 259 ; *Coffin* v. *Reynolds*, 37 id., 640 ; *Emery* v. *Pease*, 20 id., 62.)

We think the complaint was clearly bad. The sale of the houses mentioned in the order and the receipt of money from such sale were conditions precedent to the defendant's liability on his acceptance, and those facts should have been averred. In the absence of such averments no indebtedness

on his part to the plaintiff appeared.  (*Munger* v. *Shannon*, 61 N. Y., 251, 260.)

· The denial in the answer of the receipt of any such moneys did not supplement the complaint in this respect. In *Bate* v. *Graham* (11 N. Y., 237), the answer contained an affirmative allegation of the fact which the complaint should have averred, but in *Schofield* v. *Whitelegge*, as in the present case the answer contained a denial of the essential fact, and it was held that such denial did not cure the defect in the complaint.

The complaint in the present case cannot be sustained by virtue of section 162 of the Code, which provided that in an action upon an instrument for the payment of money only, it should be sufficient to set forth a copy of the instrument and allege the amount due thereon.  It was decided by this court in *Conkling* v. *Gandall* (1 Keyes, 231), that section 162 was not applicable where the liability of the defendant was conditional, and depended upon facts outside of the instrument ; that in such a case the facts must be averred.

The objection to the complaint was not waived upon the trial.  The defendant not only took the objection of the insufficiency of the complaint before any evidence was taken, but when the plaintiff offered evidence of the fact that the houses had been sold, he objected to such evidence on the ground that the fact had not been alleged in pleading.

We see no ground upon which this case can be distinguished from the numerous cases in which it has been decided that a party may upon the trial lawfully demand a dismissal of the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The court below at General Term conceded that if the trial judge had granted the motion to dismiss it would have been bound to sustain his action.  The necessary consequence of this concession is that in denying the motion the trial judge erred.  It was not a question of discretion, but of legal right, whether the complaint should be dismissed, and if it would not have been error to grant the motion, it

was error to deny it. It is true that an amendment of the complaint might have been allowed in the court below, but no amendment was made or asked for, and the objection to the complaint having been taken in due season and overruled, the correctness of the ruling must be tested by the complaint as it stood, and not as it might have been changed by amendment.

The judgment must be reversed and a new trial ordered, costs to abide the event.

All concur.

Judgment reversed.