Richter *v.* Kramer.

# New York Marine Court.

*Special Term—February* 7, 1881.

## DANIEL RICHTER *against* HERMON KRAMER, ET AL.

Sufficiency of complaint against indorsers on notes under section 534 of the Code of Civil Procedure.—Demurrer.—Statute of 1833 (ch. 281) as to the use by an individual of a copartnership name.

McADAM, J.—The plaintiff has framed his complaint after the form allowed by section 534 of the Code of Civil Procedure, which permits a party suing on an instrument for the payment of money only to set forth a copy of the instrument, and to state that there is due to him thereon a specified sum. This section is a substitute for section 162 of the old Code, which has been frequently construed. Thus, in Prindle *v.* Caruthers (15 *N. Y.* 429), the court observes, " A complaint thus worded implies that the plaintiff owns the instrument in some legal manner of deriving title, &c.," and "the defendant by a general denial puts in issue every fact, alleged expressly or impliedly ; and on the trial the plaintiff is bound to prove his case as though every fact necessary to maintain the action had been averred explicitly." Conkling *v.* Gandall (1 *Keyes*, 228) modified this rule as to an indorser of a promissory note, by holding that the facts necessary to charge him, such as

demand and notice, should be alleged, as his contract was conditional upon the observance of these prerequisites. In an action like the present, against the makers of a promissory note, the rule laid down in Prindle v. Caruthers (*supra*) is still the law.

The second objection to the complaint arises under the statute of 1833 (c. 281), and is sufficiently answered by the fact that the statute is penal in its nature, and the defense furnished by it must be presented by answer (see O'Toole v. Garvin, 1 *Hun*, 92), and if found applicable to a case like the present, where the contract does not show a transaction had between the plaintiff and defendants in violation of its provisions (see Wood v. Erie Railway Co., 72 *N. Y.* 196), such plea may be avoided by proof bringing the plaintiff within one of the excepted cases, wherein such a use of a firm name by an individual is allowed (*L.* 1849, c. 347, § 1 ; *L.* 1854, c. 400, p. 1084).

It follows, therefore, that the complaint is not open to objection by demurrer, and that the plaintiff is entitled to judgment, which will be granted, unless the defendants, within six days, withdraw their demurrer and interpose an answer, which they will be allowed to do upon payment of $20, the trial fee of an issue of law.