Hatch, J.-
-This action is brought under Chap. 611 of the Laws of 1875. Its object is to charge a personal liability upon the defendants as Directors of the Sixteenth Amendment Publishing Company, Limited, a corporation organized under said law, and doing business at the city of Buffalo.
Upon the trial it appeared that the said company was organized in February, 1885, for the purpose, among other things, of publishing and circulating a certain newspaper; that they carried on and issued said newspaper until on or about the 15th of October, 1886, when they ceased to do business.
The defendant Barker was elected a director on the 7th day of February, 1886, and continued to act as such director until such corporation ceased doing business ; the defendant Waters was elected a director upon the organization of the company and continued to act as such until February, 1886, when an *827 annual election of Directors was held and another person elected in his place, who declined to qualify or serve. Subsequently, and on the 26th day of April, 1886, said Waters was again elected a director and continued to serve as such until the company closed its doors.
The plaintiff was engaged by said company on the 18th day of February, 1886, as foreman of the printing establishment at an agreed price of $15 per week; he continued thereafter as such foreman until on or about the 29th day of September, 1886, when his connection with said corporation ceased, at which time there was due him for salary the sum of $120.45. Thereafter, and in October, 1886, the plaintiff brought an action in the municipal court of Buffalo, against the said company and recovered a judgment for the above amount, with costs. Subsequently the plaintiff brought an action against these defendants seeking to charge them personally with said deht.
No certificate, such as required by Sec. 18 of said Act, was filed by the officers or directors of said company within twenty days after the first day of January in 1886, and at no other time in that year.
It is upon these facts that the plaintiff seeks to charge the defendants with liability for said debt. Section 18 of chapter 611 of the Laws of 1875 provides, among other things, as follows: Every such corporation shall annually within twenty days after the first day of January make a report which shallstatethe amount ofeapital and the proportion actually paid in, the amount and, in general terms, the nature of its existing assets and debts, and the names of its then stockholders, and the dividends, if any, declared since the last report, which report shall be signed by the President, and a majority of the directors and shall be verified by oath of the president or secretary of such corporation, and filed in the office of the Secretary of State, and if any such corporation shall fail so to do, all the directors thereof shall be jointly and severally liable for all the debts of the corporation then existing, and for all that shall be contracted before such report shall be made.”
It is plain from the wording of the statute that the directors of a company organized under this law becomé liable for the. debts of the company contracted during their term of directorship, unless they file with the Secretary of State the certificate therein provided for. Under Chapter 40, Sec. 12, of the laws of 1848, which is, upon this subject, like this statute, a like construction obtained. Jones v. Barlow, 62 N. Y., 202; Cameron v. Seaman, 69 N. Y., 402. In Boughton v. Otis 21 N. Y., 261, Comstock, C. J., says : “ By the express terms of the statute the trustees omitting to file their statement within the first twenty days of that month (January) are liable for the debts then existing.”
*828 What is claimed by counsel for defendants, as dictum is simply a statement of what the statute says. Garrison v. Howe, 17 N. Y., 464-5.
So far as the act of 1848 is concerned it was amended by Chapter 510 of the Laws of 1875; corporations organized under that act, are now only required to file a report upon the January succeeding a full year of corporate existence. This amendment did not set at rest, as is claimed, an unfounded doubt, it changed the law. The act under which this corporation is organized is like the old act before amendment and has been the subject of judicial construction many times.
There was in this case a failure to file the statement as required by Section 18 of the Act. The debt sued for was contracted between the 26th day of April, 1886, and the 29th day of September in the same year; the defendants were directors between those periods, so that we have the default, the debt, and the directorship all concurring in point of time. Under such circumstances the directors become personally liable for the debt contracted. Shaler Lime Co. v. Bliss, 27 N. Y., 297-300.
So long as the default lasts the other essentials existing there is no distinction between directors in office at the time of default and those subsequently elected, the incoming director has the power at any time to protect himself from liability by filing a report, his failure to do so imposes a liability for debts contracted during his term. Chandler v. Hoag, 2 Hun., 613; Affirmed on appeal 63 N.Y., 624:
It follows that these defendants are chargeable personally with the payment of the debt due the plaintiff. At the opening of the trial the defendants moved to dismiss the complaint upon the ground that it failed to state facts constituting a cause of action. The criticism made is that the complaint was framed upon the judgment recovered in the municipal court and that such judgment furnished no right of action against these defendants. Such undoubtedly is the law, assuming the objection is well founded. Miller v. White, 50 N. Y., 137.
The complaint alleges that the defendants, during 1886, were ■directors of the -Sixteenth Amendment Publishing Company, Limited, a domestic corporation existing under the laws of 1875, and that on the 15th of October, 1886, the plaintiff recovered judgment in the municipal court of Buffalo against the said corporation, alleging its amount, and then states “ for work, labor and services rendered for it at its request, while the defendants were directors and stock holders as aforesaid.” Then alleges the issuing of a transcript, the docketing of the judgment in the Erie county clerk’s office, the issuing of an execution prior to the commencement of this action, its return wholly unsatisfied and that the judgment remains wholly unpaid. Then alleges the failure to file a report by the officers *829 and directors as required by law, and demands judgment. It is thus seen that this complaint alleges every essential fact necessary to constitute a cause of action against the defendants with the possible exception that the allegation of debt existing against the company is stated as having been merged in the judgment. How the debt arose is stated, that services were performed at the request of the corporation is alleged, and that the defendants were then directors, enough is stated to show what the action is for. The defendants answered, came to trial without raising the question, and were clearly not misled or prejudiced upon the trial. It is perfectly clear that the rights of the parties can be disposed of without prejudice to either. Such being the case, it is the policy of the law that the rights of each should be settled without a multiplicity of suits. Not only has the court power in such a case to grant an amendment, but it is the imperative duty of the court to do so, by having the necessary allegation inserted. Such an amendment does not change the cause of action or bring in a new one. Code Civil Procedure, sections 728, 519; Reader v. Sayre, 70, N. Y. 180, 190; N. Y. Milk Can Co., v. Remington Works, 25, Hun, 475; Simmons v. Lyons, 55, N.Y., 671. In Woolsey v. Rondout, 4 Abbott, Court of Appeals, 639, the court held that even though the complaint was not sufficient to resist a demurrer, yet if the defendant chose to go to trial the complaint should be amended. Price v. Brown, 98 N.Y. 388, 393.
The cases cited by defendant’s counsel are in harmony with these views. Tooker v. Arnoux, 76 N.Y., 397, holds that the motion to dismiss where no amendment was made or ashed for, and the complaint did not state facts sufficient to constitute a cause of action, must be granted, but the court expressly says that the amendment may be allowed by the trial Court. Id. 404. Woolsey v. Trustees of Rondout, 2 Keyes, 602-4-5, the same power in the court is recognized. Weymouth v. Dimock, 41 Howard’s Practice, 92, holds that the allegation of the judgment was irrelevant and should be stricken out. But a good cause of action was then stated. In McHarg v. Eastman, 35 Howard, 205, the demurrer was sustained and the plaintiff allowed to amend.
In this case the plaintiff seasonably made his application to amend by alleging the original indebtedness; this he should be allowed to do, it is further urged by the defendants that there was no proof that the Sixteenth Amendment Publishing Company was ever legally organized and that the certificate filed with the clerk of Erie county is not only insufficient, but it is not in any sense proof. Assuming that the claim is well founded, that we reject entirely the certificate filed, it does not help the defendants or prevent “a recovery. The proof is-that there was a corporation which assumed to act and carry on *830 business, having a general manager, directors and' by-laws, by .assuming to act they became at least a defacto body, their legal organization cannot be attacked in this action to the aid of either party.
In Buffalo & Allegany Railroad v. Cary, 26, N.Y., 75, MasTEN, Justice, says: I am of the opinion that under this and similar general acts for the formation of corporations, if the papers filed by which the corporation is sought to be created, are colorable, but so defective, that, in a proceeding on the part of the State against it, it would for that reason be dissolved, yet by acts of user under such an organization it becomes a corporation defacto and no advantage can be taken of such ■defect in its constitution, collaterally by any person. Id. 77. This view was affirmed by the Court of Appeals. Aspinwall v. Sacchi, 57 N.Y., 331-338; Meriden Tool Co. v. Morgan, 1 Abbott, N. S. 125; Note.
The objection that the certificate of the Secretary of State is not sufficient to show that the corporation filed no annual report is answered by Section 921, Code of Civil Procedure, it follows that the defendants become chargeable with the debt due to the plaintiff. On account of the pending of other claims to a considerable amount it was deemed proper to state the reasons for the conclusion reached.