(25 Misc. Rep. 299.)

VANDERBEEK et al. v. HEMMEL.

(City Court of New York, General Term. November 19, 1898.)

ACTION ON ORDERS—COMPLAINT.
  Complaint in action on an accepted order to pay plaintiffs a certain amount "out of my first payment when the second tier of beams is set. * * * This order is for lumber furnished," alleging that defendant agreed to pay plaintiffs said sum for said lumber sold and delivered, that said second tier of beams was set, and that no part of said sum has been paid, though demanded, is sufficient.

Appeal from trial term.

Action by Francis I. Vanderbeek and another, partners, against Arthur Z. Hemmel. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before CONLAN and O'DWYER, JJ.

L. & A. U. Zinke, for appellant.
W. C. Sherwood, for respondents.

CONLAN, J. Appeal from a judgment entered on the verdict of a jury. The record brings up no facts for our consideration on this appeal. The only question urged by the appellant is the single exception, taken at the opening of the trial, to the refusal of the trial judge to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The complaint is as follows:

"(1) That at all times hereinafter mentioned the plaintiffs were, and still are, co-partners, doing business under the firm name and style of Vanderbeek & Son.

"(2) That on or between the 20th and the 29th days of September, 1897, in consideration of two certain written orders and acceptances, fully set forth in allegation No. 3 of this complaint, said plaintiffs sold to Emanuel Rapp certain goods, wares, and merchandise, consisting of lumber, of the value and of the price or sum of three hundred and twenty-three dollars.

"(3) That on the 18th day of September, 1897, an order and acceptance was made, of which the following is a copy:

" 'Vanderbeek & Sons.

" 'Lumber Yard, Planing Mill, and Box Factory. Corner of Greene & Steuben Streets.

" 'F. I. Vanderbeek, William E. Perom, and I. P. Vanderbeek.

" 'Jersey City, N. J., Sept. 18/97.

" 'A. E. Hemmel, Esq.—Dear Sir: Please pay to Messrs. Vanderbeek & Sons one hundred and eighty-five dollars out of my first payment when the second tier of beams is set, and charge the same to my account. This order is for lumber furnished.

" '[Signed]                                        Emanuel Rapp.

" 'Accepted, Sept. 18/97.                          Arthur E. Hemmel.

" 'Witness: Frank Pierson.'

"And on or about the 28th day of September, 1897, another order and acceptance was made, of which the following is a copy:

" 'Vanderbeek & Son.

" 'Lumber Yard, Planing Mill, and Box Factory. Corner of Greene and Steuben Streets.

" 'F. I. Vanderbeek, William E. Perom, and I. P. Vanderbeek.

" 'A. E. Hemmel, Esq., N. Y. City—Dear Sir: Please pay to Vanderbeek & Son one hundred and thirty-eight dollars out of my first payment when the second set of tier of beams is set, and charge the same to my account. This order is for lumber furnished.

" '[Signed]                                        Emanuel Rapp.

" 'I accept the above order.                        Arthur E. Hemmel.'

—Whereby Arthur E. Hemmel, the defendant herein, agreed to pay plaintiffs three hundred and twenty-three dollars for the said lumber sold and delivered as above mentioned.

"(4) That said second tier of beams was set.

"(5) That no part of said three hundred and twenty-three dollars has been paid, although demanded."

The appellant relies largely on the case of Tooker v. Arnoux, 76 N. Y. 397, to sustain his position. In that case the complaint set forth a copy of the order upon defendant, requesting him to pay the plaintiff a sum specified out of moneys to be realized from the sale of certain houses. It alleged an acceptance of the order by defendant, a payment in part, and that the balance was due. The court held

that the complaint did not set forth a cause of action; that the sale of the houses and the receipt of money should have been averred. In the case at bar it will be observed that the complaint alleges the performance of the condition precedent, namely, the setting of the second tier of beams. We think the pleading was so vague, indefinite, and uncertain as to call for an amendment, if a motion had been made for that purpose, but not sufficiently bad to call for a dismissal. In the Tooker Case, supra, no proof could be received of performance of the condition precedent, because no attempt was made at such an allegation. But in this case we think proof of performance could be properly received, and that it was not error to deny defendant's motion to dismiss.

Judgment affirmed, with costs.

O'DWYER, J., concurs.