Charles Margett, J.
Motion by defendant to dismiss the complaint for failure to state facts sufficient to constitute a cause of action.
This is an action on a promissory note. Plaintiff alleges that on or about March 12, 1953, for value received, defendant made and delivered to plaintiff a promissory note; that plaintiff is and always has been the owner and holder of the note; and that *894 payment of the note is past due and no part has been paid although duly demanded. A copy of the note is annexed to and made part of the complaint. It appears on the face of the note that payment by the defendant was to be made ‘ ‘ From my assets in Atlas Buick when liquidated ’ \ Judgment is demanded for the face amount of the note, to wit, $26,000.
Defendant contends that the complaint is insufficient because it does not appear thereon that the conditions appearing on the face of the note have been fulfilled. This contention is well taken.
Buie 94 of the Buies of Civil Practice provides as follows: 1 ‘ Where a cause of action, defense or counterclaim is founded upon an instrument for the payment of money only, the party may set forth a copy of the instrument and state that there is due to him thereon from the adverse party a specified sum which he claims. Such an allegation is equivalent to setting forth the instrument according to its legal effect.” But, it was early held, that where the liability of the defendant is conditional and depends upon facts outside of the instrument, the facts must be stated. (Tooker v. Arnoux, 76 N. Y. 397, 401; see, also, 3 Carmody, New York Practice, § 934, p. 1810.)
It is true that in the Tooker case the Court of Appeals was construing that portion of section 162 of the Code of Procedure which, with minor amendment not significant here, later became the first sentence of section 534 of the Code of Civil Procedure and is now the first sentence of rule 94 of our Buies of Civil Practice. But that does not destroy the binding effect of that decision. The apparent legislative purpose in adding the words, “ Such an allegation is equivalent to setting forth the instrument according to its legal effect ”, to section 534 of the Code of Civil Procedure, exact predecessor to our rule 94 except for minor variation in punctuation, was to resolve the conflict in the cases decided under the Code of Procedure as to the precise effect to be given to section 162 (e.g., cf., Ranney v. Smith, 6 How. Pr. 420, 423, with Marshall v. Rockwood, 12 How. Pr. 452, and see Prindle v. Caruthers, 15 N. Y. 425, 428) and to adopt the interpretation placed upon it by the Court of Appeals in Conkling v. Gandall (1 Keyes 228, 231), to wit, “ that where the action or defense was founded upon an instrument for the payment of money only, instead of setting .forth the instrument according to its legal effect in the body of the complaint or answer, it should be sufficient for the party to give a copy of it ” (see Howard’s N. Y. Code [1859], § 162, last sentence and notes; Bliss ’ N. Y. Ann. Code [1877], § 534, and notes e-h; 3 Carmody, *895 New York Prac., § 934; 1 Abbott’s Forms of Pleading [3d ed.], pp. 328-329, Form 355, n. 1a).
It follows, therefore, in the opinion of this court, that in order to state facts sufficient to constitute a cause of action upon the note in question, plaintiff was required to allege the occurrence of the condition upon which payment of the note was expressly made contingent. This, plaintiff could do either specifically or in the general terms permitted by rule 92 of the Buies of Civil Practice (as added Feb. 16, 1948, rescinding prior rule 92; see Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 371). Plaintiff, however, has neither brought himself within rule 92 nor pleaded in specific terms the occurrence of the condition upon which defendant’s liability depends. The words “past due ’ ’ can reasonably be given no such all-inclusive effect. The word “ past ” seems to add nothing to the word “ due ” and the latter was present in the complaint held bad in Tooker v. Arnoux (supra). (Cf., also, Conti v. Cohen, Inc., 197 App. Div. 302.) Furthermore, to hold that the word “due” is equivalent to pleading the occurrence of the condition would be to hold, in a roundabout way, that compliance with rule 94 of the Buies of Civil Practice is equivalent to pleading said occurrence for that rule requires in every case that the party ‘ ‘ state that there is due to him ’ ’ on the instrument ‘ ‘ from the adverse party a specified sum which he claims ” (emphasis supplied).
Finally, the court sees no valid distinction between the condition involved in the Tooker case, where the order directed the drawee to pay a certain sum “ out of the money to be realized from the sale ” of certain houses, and that involved in the instant case, where defendant promised to pay the note ‘1 From my assets in Atlas Buick when liquidated ”.
The motion is accordingly granted, with leave to plaintiff, if so advised, to serve an amended complaint within 10 days after service of a copy of the order to be entered hereon with notice of entry.
Submit order.