## SUPREME COURT.

### GILBERT N. MARSHALL agt. GEORGE G. ROCKWOOD.

In an action by the *payee* of a promissory note, against the *maker*, it is necessary in the complaint, only to set out a copy of the note, with an allegation that a specified sum is due the plaintiff thereon. Section 162 of the Code, makes such a case equivalent to an allegation of the execution and delivery of the note by the defendant to the plaintiff.

Marshall agt. Rockwood.

*Rensselaer Special Term, June,* 1855.

DEMURRER to complaint.

The action was brought by the payee of a note against the maker. The complaint contained a copy of the note, as follows:—

" Troy, Oct. 11, 1854.—Four months after date, I promise to pay to the order of G. N. Marshall, three hundred dollars, at the Farmers' Bank—value received.

$300.                               G. G. ROCKWOOD."

And averred that there was due to the plaintiff thereon the sum of $300, with interest from the 14th day of February, 1855, for which sum the plaintiff claimed judgment.

To this complaint the defendant demurred, and alleged, for cause of demurrer, that it did not state facts sufficient to constitute a cause of action.

> JOHN FITCH, *for plaintiff.*
> A. A. LEE, *for defendant.*

HARRIS, Justice. The last clause of the 162d section of the Code, declares that, " in an action founded upon an instrument for the payment of money only, it shall be sufficient to give a copy of the instrument, and to state that there is due to the plaintiff thereon a specified sum, which he claims. This is such an action. It is founded entirely on an instrument for the payment of money only; and the plaintiff has, in his complaint, brought himself within the very letter of the provision cited. Had there been no such provision, it would have been enough for the plaintiff to have given, in his complaint, a copy of the note, and alleged that the defendant made the note and delivered it to him. (*Chappell* agt. *Bissell,* 10 *How. Pr. R.* 274.) This is all that the 142d section of the Code requires.

The legislature, as I understand the provision referred to, authorized the plaintiff, instead of making such allegations, to give a copy of the instrument, and state how much was due

thereon. But where other facts are necessary to make out the cause of action, such other facts must be alleged. Thus, in *Lord* agt. *Cheesebrough,* (4 *Sand.* 696,) the action was by the endorsee of a promissory note against the maker. It was, of course, necessary, not only to prove the note, but also its transfer and delivery to the plaintiff. It was very properly held, that the provision in the 162d section of the Code did not dispense with the averment of these additional facts constituting a part of the plaintiff's cause of action. So in *Alder* agt. *Bloomingdale,* (1 *Duer,* 601,) the action was against the endorser of a promissory note. The complaint contained no averment of the demand of payment of the note, or notice to the endorser. This, upon demurrer, was held to be a fatal defect. The action, in that case, was founded partly upon the note, a copy of which had been given, and partly upon extrinsic facts, which had not been alleged in the complaint. (*See, also, Bank of Geneva* agt. *Gulick,* 8 *How. Pr. R.* 51.)

In the case under consideration, the plaintiff relies upon no facts not appearing upon the face of the instrument itself, to constitute his cause of action. The note, of which he has given a copy, when produced upon the trial and proved, will, of itself, furnish him with *prima facie* evidence of his right to recover the amount alleged to be due thereon, and the defendant's liability. To such a case, and such a case only, the provision in the 162d section of the Code applies. In such a case, the giving of a copy of the instrument, with an allegation that a specified sum is due thereon, is made equivalent to an allegation of the execution and delivery of such instrument by the defendant to the plaintiff.

The plaintiff is, therefore, entitled to judgment upon the demurrer.