## BOYNTON FURNACE CO. v. TROHN.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

1. APPEAL AND ERROR (§ 231*)—OBJECTIONS—PRESENTATION BELOW—NECESSITY.

Defendant cannot first urge on appeal that the action should have been dismissed for want of proof by plaintiff of the issuance to it of the statutory certificate authorizing it to do business as a corporation in the state, where defendant's motion to dismiss did not specify that ground of dismissal; the objection being such as could have been obviated by proof had it been specified.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1299, 1352; Dec. Dig. § 231.*]

2. MECHANICS' LIENS (§ 304*)—PROCEEDINGS—JUDGMENT—PERSONAL JUDGMENT.

If a proceeding to enforce a mechanic's lien was brought in a court of record and the complaint showed a cause of action for goods sold and delivered, a personal judgment could be rendered against defendant, unless he claimed a jury trial.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 632–635; Dec. Dig. § 304.*]

3. COURTS (§ 189*)—PROCEEDINGS—COURT NOT OF RECORD—ALLEGATIONS OF COMPLAINT.

The Lien Law (Consol. Laws, c. 33) § 46, relating to actions in a court not of record to foreclose a mechanic's lien, requires the complaint to allege substantially the facts contained in the notice of lien and the substance of the agreement under which the materials were furnished. Section 43 makes applicable to "actions in a court of record" the sections of the Code of Civil Procedure, relating to mortgage foreclosure proceedings, and Municipal Court Act (Laws 1902, c. 580) § 1, subd. 11, prohibits the Municipal Court from rendering judgment for the foreclosure and sale of the property in mechanic's lien proceedings. *Held*, that section 43 did not apply to mechanic's lien proceedings in courts not of record, such as the Municipal Court, so that, in an action therein to enforce a mechanic's lien, the complaint need not allege that plaintiff has brought no other action to collect the amount due.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

4. COURTS (§ 189*)—PROCEEDINGS—JUDGMENT—FORECLOSURE.

In view of Municipal Court Act (Laws 1902, c. 580) § 1, subd. 11, giving the Municipal Court jurisdiction of an action to enforce a mechanic's lien, and to render judgment therein for the sum due, and declare it a lien against the property, but prohibiting such court from rendering judgment

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for the foreclosure and sale thereof, the judgment in an action in the Municipal Court to enforce a mechanic's lien cannot decree foreclosure and sale, though it may decree a money judgment against defendant.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Richmond, First District.

Action by the Boynton Furnace Company against Abraham Trohn. From a judgment for plaintiff, defendant appeals. Affirmed as modified.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Charles A. Van Auken, for appellant.
James Burke, Jr., for respondent.

PER CURIAM. The defendant appeals from a judgment against him in an action to foreclose a mechanic's lien. He gave no evidence at the trial, and relies apparently on claimed technical defects in the plaintiff's proofs. The plaintiff is a foreign corporation, and in its complaint it alleges that it was "duly permitted to do business within the state of New York and was at all the times herein above mentioned and now is permitted to do and transact business in the state of New York pursuant to the general corporation act (Consol. Laws, c. 23) of this state." The defendant denied any knowledge or information sufficient to form a belief as to the truth of this allegation. Answer, paragraph 5; complaint, paragraph 10.

At the trial no proof was given by the plaintiff as to the issuance of the certificate required by the statute to authorize the plaintiff to do business in this state. At the close of the plaintiff's case, the defendant moved to dismiss, but he did not specify this ground for dismissal. As this defect might have been obviated by proof, had it been specified, it is too late to urge it for the first time on appeal. Furthermore, there is an express written stipulation in the record that the "corporate or legal capacity to sue of plaintiff is admitted without formal proof."

Another ground of attack upon the judgment is that the complaint does not state that the plaintiff has brought no other action to collect the amount claimed to be due. If this action was brought in a court of record, this objection would be good, but even then a personal judgment might be rendered if the complaint showed a cause of action for goods sold, as was the fact here, and delivered, unless the defendant claimed a jury trial. Abbott v. Easton, 195 N. Y. 372, 88 N. E. 572. But the action, so far as the necessary allegations of the complaint are concerned, is governed by section 46 of the lien law (Consol. Laws, c. 33), which relates to actions brought to foreclose a mechanic's lien in a court not of record. That section specifies what the complaint must allege, as follows:

"The complaint must set forth substantially the facts contained in the notice of lien, and the substance of the agreement under which the labor was performed or the materials were furnished."

The section of the lien law (section 43) which makes applicable the sections of the Code of Civil Procedure relating to actions for the foreclosure of a mortgage applies to "actions in a court of record," and there is no provision making them applicable to actions brought in courts not of record, and there is no authority cited or reason given why this provision should be stretched to apply to the Municipal Court, for it can make no judgment of foreclosure and sale. Municipal Court Act (Laws 1902, c. 580) § 1, subd. 11.

This brings us to the objection urged that the judgment appealed from does in part purport to be a judgment of foreclosure and sale. This objection is well founded. The judgment does in part proceed further than the jurisdiction of the court, for it does provide as fully for a foreclosure and sale of the premises as if the action were one in a court of record to foreclose a mortgage. At the same time, it provides for a money judgment against the defendant and to that extent it is authorized. Drall v. Gordon, 51 Misc. Rep. 618, 101 N. Y. Supp. 172.

The judgment should therefore be modified by striking out the provisions for the sale of the premises therein described, thus confining it to a money judgment against the defendant, to be enforced as provided in section 260 of the Municipal Court act; and, as so modified, it should be affirmed, without costs.