BETA GINSBERG, Respondent, *v.* CLIFFORD N. SHURMAN, GEORGE W. LEVY, Impleaded with Others, Appellants.

(Supreme Court, Appellate Term, April, 1911.)

Negotiable instruments — Bona fide holder — What constitutes — General rules — Presumptions and burden of proof generally.

The negotiation of a promissory note in violation of the agreement under which it was given is a breach of faith and a fraud upon the maker, and, when sued thereon, he is entitled to show the facts, before he can be called upon to prove that plaintiff, an assignee of the note, was not a holder for value.

Such facts appearing, the presumption that the holder is one for value no longer applies but he must show affirmatively his *bona fides.*

Supreme Court, Appellate Term, April, 1911.     [Vol. 71.

APPEAL by the defendants Shurman and Levy from a judgment of the Municipal Court of the city of New York, borough of Manhattan, sixth district, rendered in favor of the plaintiff.

Harry B. Mintz, for appellants.

Strauss & Singer (Jerome A. Strauss, of counsel), for respondent.

LEHMAN, J.  The plaintiff is the holder of a note made by the defendant Shurman.  The answer alleges, as an affirmative defense, that the payee agreed with the maker of the note that, if the Froma Realty Company did not take title to certain premises, the note was to be returned to the maker and the payee agreed to hold the note until the time of taking title and to return it if title was not passed; and it further alleges that, at the commencement of the action, title to said properties had not passed.

At the trial the plaintiff introduced the note in evidence and rested.  The defendant then offered in evidence the written agreement made by the payee of the note and endeavored to prove his defense.  The trial justice excluded this evidence on the ground that the defendant must first show that plaintiff was not a holder for value.  The exclusion of this evidence was erroneous.  The defendant should have been permitted to show that the note was negotiated in violation of the agreement under which it was given.  Such negotiation when shown constitutes a breach of faith and amounts to a fraud upon the maker; and, when that fact appears, the presumption that the holder is a holder for value no longer applies, and the plaintiff can no longer rest upon the presumption but must show affirmatively his good faith.  German American Bank v. Cunningham, 97 App. Div. 244, and cases therein cited.

Judgment should be reversed and a new trial granted, with costs to appellants to abide the event.

SEABURY and BIJUR, JJ., concur.

Judgment reversed.