(82 Misc. Rep. 388.)

## LAING v. HUDGENS et al.

(Supreme Court, Appellate Term, First Department.   October 23, 1913.)

1. BILLS AND NOTES (§ 335*)—BONA FIDE HOLDERS—DEFENSES.

In an action on a note, where plaintiff came into possession before maturity and paid value, it is a good defense that the note was given for the purchase price of a business bought by defendant upon installments, under an agreement that, in case of her failure to make any of the payments, either party might rescind the contract, the seller receiving back the business and plaintiff her note and payments, but that, contrary to the agreement, the note was negotiated to plaintiff, who took with knowledge of the agreement; for Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 91, defines a holder in due course as one who has no notice of any defect in the title of the person negotiating it, and section 94 describes the title as defective when the person who negotiated it did so by a breach of faith, and consequently such facts would destroy the presumption created by section 98 that every holder is a holder in due course.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 817; Dec. Dig. § 335.*]

2. EVIDENCE (§ 445*)—WRITTEN INSTRUMENTS—PAROL EVIDENCE TO VARY.

Defendant purchased a business under a written contract providing for payment in installments, and authorizing either party in case of a default to rescind the contract. The contract required defendant to execute four notes, but by subsequent agreement defendant gave only one note for the purchase price, which note was, after rescission, wrongfully negotiated by the seller. *Held*, that in an action by the holder of the note, who took with notice, proof of the agreement was not an attempt to vary a written instrument by parol evidence; the contract which governed the issuance of the note being written, and the subsequent oral modification, which was necessarily supported by a consideration, making the written agreement applicable to the single note.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2052–2065; Dec. Dig. § 445.*]

3. TRIAL (§ 170*)—DIRECTED VERDICT—DISMISSAL OF DEFENSE.

The dismissal of a defense at the trial, on motion of plaintiff, is permissible.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 390–394; Dec. Dig. § 170.*]

4. COURTS (§ 190*)—CITY COURT—APPEAL—QUESTIONS PRESENTED FOR REVIEW.

An appeal from an order of the City Court denying defendant's motion for a new trial, brings up for review by the Appellate Term, under Code Civ. Proc. §§ 3188, 3189, 3192, providing for appeals to the Supreme Court from orders and judgments of the City Court, all errors committed below.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190;* Appeal and Error, Cent. Dig. § 103.]

5. BILLS AND NOTES (§ 467*)—ACTIONS—COMPLAINT.

An allegation in a complaint in an action on a note that the note before its maturity lawfully came into possession of plaintiff for value is not equivalent to an allegation that plaintiff was a holder in due course.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1480–1488, 1490, 1491; Dec. Dig. § 467.*]

6. PLEADING (§ 8*)—COMPLAINT—CONCLUSIONS OF LAW.

An allegation in a complaint that before maturity a note lawfully came into the possession of plaintiff for value is a mere legal conclusion, and need not be denied as one of the material allegations of the complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½, 68; Dec. Dig. § 8.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

7. BILLS AND NOTES (§ 481*)—ACTIONS—ANSWER—SUFFICIENCY.

In an action upon a note, where the answer set up new matter showing that plaintiff was not a bona fide holder for value, a specific allegation that he was not such a holder is sufficient to destroy the presumption that he was such a holder, created by Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 98.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1530–1532, 1559–1561; Dec. Dig. § 481.*]

8. APPEAL AND ERROR (§ 194*) — PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—NECESSITY.

In an action upon a note, where the answer set up new matter showing plaintiff not to be a bona fide holder for value, plaintiff cannot for the first time on appeal complain that the allegation in the answer that he was not a bona fide holder for value was a mere conclusion of law, and so was not sufficient to rebut the presumption that he was a holder in due course; for, if the objection had been taken below, the error might have been cured by amendment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1241–1246; Dec. Dig. § 194;* Pleading, Cent. Dig. § 1375.]

Appeal from City Court of New York, Special Term.

Action by James S. Laing against Sula Hudgens and another. From an order denying the motion of the named defendant to set aside a verdict directed in favor of plaintiff, she appeals. Reversed and remanded.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Murphy & Fultz, of New York City (David L. Fultz, of New York City, of counsel), for appellant.

Frank J. Ryan, of New York City, for respondent.

BIJUR, J. Plaintiff sues as the holder of a promissory note made by the appellant December 1, 1911, for $1,000, payable in 12 months. The complaint alleges that the note was originally made to A. M. Kendrick & Co., by whom it was indorsed, "and that thereafter and before its maturity it lawfully came into possession of plaintiff for value." Appellant's answer contains some general denials, but on the trial these were evidently abandoned, and no point is made thereof here.

The entire case turns upon the defendant's separate defense, which is, in substance, that she entered into a contract in writing with Kendrick & Co. to buy their business and to pay $1,000 for the same in four monthly installments, for which notes were to be given, title to the business to pass to her upon final payment. It was a further condition of the contract that, if she should be unable to make any of the payments, either party should have the right to rescind, whereupon the business should be returned to Kendrick & Co., and any payments previously made by her should be returned to her. "Thereafter it was agreed that the note set forth in the complaint should be given in place of the four notes above mentioned, but that the payments were to be at the intervals and in the amounts set forth in the original contract"; that subsequently she became unable to make the payment due March 1, 1912, and notified Kendrick & Co. of her election to rescind

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the contract; that Kendrick & Co. retook possession of the business and kept it. Finally she alleges, "on information and belief, that plaintiff is not a bona fide holder for value of said note sued upon."

On the trial, the learned court asked what the defense was and defendant appellant's counsel confined himself to stating this separate defense. The court remarked that the plaintiff was not a party to the agreement between the defendant and Kendrick & Co., to which defendant appellant's counsel replied: "We contend that the note is not good in the hands of the payee"—and added: "Does your honor hold that the payee could indorse that note to a person who had knowledge of these facts, and that that person could then bring action against the maker of the note and recover upon it?" To this the court replied: "I think he can." The court had previously remarked: "I do not see how this defense can be maintained in a case against a holder for value."

[1] It is quite evident that the learned court below was of opinion that this defense was not available against a holder for value, even though he had notice of defendant's equities. In this ruling the learned court confounded a holder for value with a holder in due course as that term is defined in the Negotiable Instruments Law (Consol. Laws 1909, c. 38). "A holder in due course" of a note, under section 91, is one who has no notice of any "defect in title of the person negotiating it." Section 94 describes the title as defective when the holder obtains the instrument "in breach of faith or under such circumstances as amount to fraud." The defense here asserted alleged such a negotiation, and if proved, would overcome the presumption established by section 98 that plaintiff was a holder in due course, and put him to his proof that he had no knowledge of defendant's equities under the agreement with Kendrick & Co. German-American Bank v. Cunningham, 97 App. Div. 244, 89 N. Y. Supp. 836; Ginsburg v. Shurman, 71 Misc. Rep. 463, 128 N. Y. Supp. 653; Canajoharie Nat. Bank v. Diefendorf, 123 N. Y. 191, 25 N. E. 402, 10 L. R. A. 676. The defense is therefore good.

[2] There was also some discussion in the court below, and apparently respondent advanced the claim, to the effect that defendant's reliance on the collateral agreement was an attempt "to vary the terms of a written instrument by parol testimony"—citing Jamestown Business College v. Allen, 172 N. Y. 291, 64 N. E. 952, 92 Am. St. Rep. 740. That case, however, has no application. The defendant appeals to no parol testimony, but, on the contrary, refers to a written contract as modifying the terms of the note; and although, as pleaded, the written contract did not originally refer to a note, but to four installment notes, the allegation is sufficient to show that by subsequent oral agreement (for which, from its very terms, there was mutual consideration) the parties modified the contract by substituting the one note for the originally promised four notes.

[3] The court granted the plaintiff's motion to dismiss the defense and directed the jury to find a verdict for the plaintiff. Defendant appellant now makes the point that the dismissal of a defense at the trial is not permissible. In this, however, he is in error. See Amper-

sand Hotel Co. v. Home Ins. Co., 198 N. Y. 495, 91 N. E. 1099, 28 L. R. A. (N. S.) 218, 19 Ann. Cas. 839.

[4] The respondent contends that, inasmuch as the defendant appellant has not appealed from the judgment, but only from the order denying his motion for a new trial, he cannot avail on this appeal of any alleged errors of law committed below. In support, he cites, among others, the case of Alden v. Knights of Maccabees, 178 N. Y. 535, 71 N. E. 104. That case, however, held merely that an appeal from the judgment alone does not bring up for review questions of fact. The converse is by no means true. On the contrary, it has been held repeatedly that an appeal solely from an order denying a new trial brings up for review in the Appellate Division (and evidently in this court as well—see Code, §§ 3188, 3189, 3192) all errors committed below. Alden Case, supra, 178 N. Y. 541, 542, 71 N. E. 104; Raible v. Hygienic Ice Co., 134 App. Div. 705, 119 N. Y. Supp. 138; Voisin v. Commercial Ins. Co., 123 N. Y. 120, 25 N. E. 325, 9 L. R. A. 612.

[5, 6] Respondent's other contentions are not very clear, but apparently he urges that the separate defense does not contain a denial of material allegations of the complaint, and is therefore incomplete under the rule laid down in Douglass v. Phœnix Co., 138 N. Y. 209, 33 N. E. 938, 20 L. R. A. 118, 34 Am. St. Rep. 448. Evidently the "material" allegation to which he refers is that the note "lawfully came into the possession of plaintiff for value." That, however, is not equivalent to the plea that plaintiff is a holder in due course. Moreover, it is, in any aspect, defective as stating merely a legal conclusion. Browning, King & Co. v. Terwilliger, 144 App. Div. 516, 129 N. Y. Supp. 431; Fulton v. Varney, 117 App. Div. 575, 102 N. Y. Supp. 608.

[7] If, however, plaintiff should rely on the presumption accorded in the Negotiable Instruments Law, that he is a holder in due course, then defendant is entitled to have considered the allegation of the answer that the plaintiff is not a bona fide holder for value.

[8] The plaintiff respondent's claim that this pleading states merely a legal conclusion might have force, had it been raised below, but it is not available here; for, had it been raised below, defendant, under the pleadings, would have been entitled to permission to amend so as to plead that plaintiff, at the time he negotiated the note, had knowledge of the facts of the defense as set forth. See McCarton v. City of N. Y., 149 App. Div. 516, 133 N. Y. Supp. 939; Ramsay v. Miller, 202 N. Y. 72, 95 N. E. 35; Boynton Furnace Co. v. Trohn, 141 App. Div. 773, 126 N. Y. Supp. 695.

Order reversed, and new trial ordered, with costs to appellant to abide the event. All concur.