(93 Misc. Rep. 105)

STEINBERGER v. HITTELMAN et al.

(Supreme Court, Appellate Term, Second Department. December, 1915.)

1. BILLS AND NOTES ☞362—BONA FIDE PURCHASERS—PURCHASERS FROM BONA FIDE HOLDERS.

Where the payee of a note indorsed it, and discounted it with a bank, which was a holder in due course, and on the day it was due took up the note, and transferred it without further indorsement to plaintiff, plaintiff was not the bank's transferee or assignee, and, having obtained title from the payee without indorsement, held the note subject to all equities and defenses between the original parties, though he paid full consideration, and was without notice of the existence of such equities and defenses, and want of consideration was a good defense as against him, since the rule that a holder in due course may sell the paper free from all restrictions to one having notice of an infirmity in the instrument is subject to the exception that the payee who participated in the infirmity cannot shelter himself behind the rights of a bona fide holder, from whom he may have purchased it subsequently.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 937–943; Dec. Dig. ☞362.]

2. BILLS AND NOTES ☞497—ACTIONS—BURDEN OF PROVING GOOD FAITH.

In an action on a note appearing to have been transferred by the payee for value, so as to entitle the transferee to be regarded as a holder in due course, evidence was admissible that the note was negotiated in violation of the agreement under which it was given, and, when this was shown, the presumption that the holder was such for value no longer applied, and plaintiff could not rest upon the presumption, but was required to show affirmatively his good faith.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1448, 1675–1681, 1683–1687; Dec. Dig. ☞497.]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Morris F. Steinberger against Edward B. Hittelman and another, brought to recover upon two promissory notes. From a judgment entered upon a verdict directed for plaintiff, defendants appeal. Reversed in part, and affirmed in part.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued December term, 1915, before MADDOX, KAPPER, and KELBY, JJ.

Louis B. Brodsky, of New York City, for appellants.

Charles Burstein, of Brooklyn, for respondents.

KAPPER, J. [1] Assuming that plaintiff is the holder of the $350 note, it came to him without indorsement, and, under the proof, it came to him from the payee, and not from the bank. There is nothing in the record which would permit of a finding that the bank assigned it to the plaintiff. The payee himself took up the note from the bank on the day it was due, and under such circumstances the payee, and not the plaintiff, then became the holder, and the plaintiff cannot be said to be either the bank's transferee or assignee. Lancey v. Clark, 64 N. Y. 209, 21 Am. Rep. 604. Plaintiff, obtaining his title, therefore, from the payee without indorsement, holds it subject to all equities and defenses existing between the original parties, even though he had paid full consideration and was without notice of the existence of such equities and defenses. Goshen Nat. Bank v. Bingham, 118 N. Y. 349, 354, 23 N. E. 180, 7 L. R. A. 595, 16 Am. St. Rep. 765. These features distinguish this case from those cited by the respondent. Horan v. Mason, 141 App. Div. 89, 125 N. Y. Supp. 668; Cleary v. Dykeman, 162 App. Div. 897, 146 N. Y. Supp. 611. In the Horan Case, supra, Mr. Justice Carr points out that, while a holder in due course (and such may be regarded to have been the position of the bank in the case at bar) has the power to sell the paper free from all restrictions, even to one who had notice of an infirmity in the instrument, there is an exception to the rule, and that is that:

"The payee of the note who participated in the infirmity cannot shelter himself behind the rights of a bona fide holder, from whom he may have purchased it subsequently."

And in the Cleary Case, supra, the plaintiff "bought the note" from the bank. But here, as stated, the plaintiff's assignor was the payee, and not the bank, even if we assume there was an assignment (for an indorsement does not appear at all, save the one in blank, made for purposes of discount with the bank), and under those circumstances the rule in the Goshen Nat. Bank Case, supra, applies. The defense of want of consideration is good as against an assignee of a chose in action, and it was error to exclude the evidence tending to that effect and a verdict for plaintiff should not have been directed on this note.

[2] The circumstances and proof relating to the $50 note are different. That note appears to have been transferred by the payee for value, so as to entitle the transferee, upon delivery, to be regarded as a holder in due course. The signature of the payee, as indorser, was a sufficient indorsement for that transfer, and may have constituted him a bona fide holder for value, and his subsequent assignment thereof to the plaintiff transferred to the latter his rights. The presumption of validity attaching to the note upon its reception in evidence authorized an attack upon it to show that the note was ne-

gotiated in violation of the agreement under which it was given, and, when that fact appeared, the presumption that the holder was such for value no longer applied, and the plaintiff could not longer rest upon the presumption, but was required to show affirmatively his good faith. Ginsberg v. Shurman, 71 Misc. Rep. 463, 464, 128 N. Y. Supp. 653; German American Bank v. Cunningham, 97 App. Div. 244, 89 N. Y. Supp. 836.

The defendants waived their right to go to the jury upon the question of the bona fides of the plaintiff's possession of this $50 note, and vested the power in the court to decide the facts, which the court did by directing a verdict for the plaintiff, thus finding that the plaintiff was a bona fide holder for value.

Judgment as to the $350 note reversed, and a new trial ordered thereon; and judgment as to the $50 note affirmed, with costs in the court below to abide the final award of costs. If plaintiff shall finally prevail as to the $350 note, costs shall be awarded to plaintiff proportionately. No costs of appeal to either party. All concur.