## SUPREME COURT — APPELLATE DIVISION — THIRD DEPARTMENT.

### November 13, 1918.

## THE PEOPLE v. WILLIAM SHAUGHNESSY, Impleaded with OWEN KINDLON and JOHN DOE, to Be Identified.

*184 App. Div. 806.)*

ROBBERY—ADMISSIBILITY OF EVIDENCE OF OTHER ROBBERY AND ATTEMPT TO ROB—RES GESTÆ.

Where an indictment charges the defendant and two others, each aiding the other, with robbing one of a party of eight men, and it appears that while the members of the party were in a hotel in which the defendant was the bartender, the one named in the indictment and two others were robbed and an attempt was made to rob another; that the participation of the defendant in the robbery was fully established, and that the attacks upon the three men followed as quickly as plans could be consummated and were in fulfillment of a single purpose and scheme, evidence of the robbery and of the attempt to rob members of the party was not named in the indictment was properly received as part of the *res gestae.*

The fact that the indictment limited the charge to just enough of the acts to constitute the crime did not prevent the prosecution from proving all of the connected acts constituting the single occurrence.

APPEAL by the defendant, William Shaughnessy, from a judgment of the County Court of Albany county, rendered against him on the 14th day of March, 1918, convicting him of the crime of robbery in the first degree.

*William E. Wollard (Michael D. Reilly* of counsel), for the appellant.

*Harold D. Alexander, District Attorney (John J. Conway* of counsel), for the respondent.

COCHRANE, J.:

The indictment charges the defendant with two others, each aiding the other, with robbing John Komar. He was one of eight men who left Tupper Lake where they had been working in a lumber camp and proceeded to Albany. Arriving there about three o'clock in the morning the eight men immeditely visited a hotel or saloon where they were served with food and drink. The defendant was the bartender. While in the hotel two of them, including Komar, were robbed and an attempt had been made to rob another. The participation of the defendant in the robbery was fully established. The only point on this appeal is that in receiving evidence of the other robbery and of the attempt to rob another member of Komar's party the court erroneously permitted the conviction on proof of the commission of other crimes.

All of the unlawful acts constituted but one crime. The indictment might have charged the robbery as having been committed on all three men. The fact that it limited the charge to just enough of the acts to constitute the crime did not prevent the prosecution from proving all of the connected acts constituting the single occurrence. They were all parts of the *res gestæ*. The methods employed for the accomplishment of the crime required that the three men should be attacked separately, but the attacks followed about as quickly as the plans could well be consummated and were in fulfillment of a single purpose and scheme. The same methods were adopted in each instance. The rule invoked by the defendant, therefore, has no application here. (People v. Pallister, 138 N. Y. 601, 10 N. Y. Crim. 399; People v. Parker, 137 id. 535, 10 N. Y. Crim. 286; Wright v. People, 1 N. Y. Crim. Rep. 462; People v. Molineux, 168 N. Y. 264, 305, 16 N. Y. Crim. 120.)

The judgment of conviction should be affirmed.

Judgment of conviction unanimously affirmed.