THE FIRST NATIONAL BANK OF NEW HAVEN, Plaintiff, *v.* EDWARD MOIR and Others, Defendants.

Supreme Cour , Onondaga County, May 8, 1925.

**Bills and notes — holder in due course — action on promissory note delivered to defendant by maker without consideration for express purpose of enabling defendant to discount instrument for benefit of maker — defendant wrongfully diverted note to third party — defendant and third party not holders in due course — plaintiff, holder in due course, acquired title from third party — recovery limited to value plaintiff possessed in note.**

A holder of a promissory note is not such a holder in due course as will permit the plaintiff to rely upon the presumption of title, where it appears that the

note was delivered to said holder by the maker, without consideration, for the express purpose of enabling said holder to discount the instrument for the benefit of the maker, and that said holder wrongfully diverted the note to a third party from whom the plaintiff acquired title. Nor is said third party, to whom the holder diverted said note, a holder in due course.

Notwithstanding the fact that the plaintiff took the note from the third party for value, before maturity, and without notice of defect in the title, thus becoming a holder in due course, it is only entitled to recover, in an action upon said note, the value it possessed therein.

ACTION on promissory note.

*Wm. S. Elder,* for the plaintiff.

*S. G. Sugarman,* for the defendant Moir.

EDGCOMB, J.:

I have no hesitancy in holding that the note which forms the basis of this action was executed by the defendant Moir and delivered by him to the defendant Hackett without consideration, and for the express purpose of enabling the latter to discount the instrument and turn the proceeds over to Mr. Moir. This Hackett failed to do. He wrongfully diverted the note from the purpose for which it was given and delivered to him; he turned it over to the defendant Kneen in breach of faith for purposes of his own. Hackett was not a holder in due course.

Therefore, the plaintiff cannot rely upon the presumption which ordinarily exists that every holder of a negotiable instrument is a holder in due course, and the burden is shifted to the plaintiff to show that either it or Mr. Kneen, from whom it acquired title, was a holder in due course of the note. (Neg. Inst. Law, § 98; *Canajoharie Nat. Bank* v. *Diefendorf,* 123 N. Y. 191; *Am. Ex. Nat. Bank* v. *N. Y. Belting & Packing Co.,* 148 id. 698; *German-Am. Bank* v. *Cunningham,* 97 App. Div. 244; *Steinberger* v. *Hittelman,* 93 Misc. 105.)

I must find on the evidence that the plaintiff has failed to prove that Kneen is a holder of the note in due course.

Kneen and Hackett do not agree as to how this note came into the former's possession. Hackett says that the note was loaned to Kneen to enable him to pledge it as security to the plaintiff for his contemplated loan of $1,000, and that between the loaner and the borrower the $1,000 was to be taken care of at the maturity of the note, and Mr. Moir was never to be called upon to pay any part thereof. Hackett insists that Kneen knew that no one had any right to use the note for any purpose except to discount the same for the benefit of the maker. Kneen, on the other hand, asserts that he had loaned Hackett $5,100 and was pressing him for the money, and that after repeated demands on his part and promises

on Hackett's part, Hackett turned over the note to him in December, 1922, in full payment of Hackett's indebtedness.

In search for sidelights bearing on whose version of this transaction is the correct one, it will be noted that Mr. Kneen has sued Hackett to recover the amount he owed him. That fact throws some doubt on Kneen's statement that this note was turned over to him in full payment of Hackett's indebtedness. Kneen had been intimately associated with Hackett for some time, and was more or less familiar with his business affairs. He claims to have known Mr. Moir and to have seen various of his notes in Hackett's hands. Kneen testifies that Hackett told him that Moir was giving him these various notes for the purpose of financing the Tremont Motor Company. If that is true, Kneen ought to have known that Hackett had no right to give him one of these notes to pay a personal indebtedness. I am not satisfied with Kneen's explanation of his rather peculiar letter to Mr. Hackett soon after the maturity of this note, in which he is so insistent that Hackett pay the plaintiff $2,000, and says that if Hackett should fail him the matter would assume a serious phase. If Kneen is right in his version of how he became possessed of this note, and if he had acted in perfect good faith throughout the transaction, why should he have been urging Mr. Hackett to pay the plaintiff its advances on the note? Why not demand of Mr. Moir the entire principal? One would suppose that Kneen would have been interested in the $3,000 balance which would be coming to him, if the note was any good. I think that this letter tends to corroborate Mr. Hackett's version of why this note was turned over to Kneen.

It is these high spots which have largely led me to accept Mr. Hackett's version that this note was loaned to Kneen, and that when it was turned over to him he was fully aware of the purpose for which it was originally given, and knew that Hackett had no right to dispose of it except for Mr. Moir's benefit.

This holding eliminates any recovery on this note for Mr. Kneen's benefit, and limits the judgment, if one be granted the plaintiff, to its interest in the investment.

This brings us to the question of whether plaintiff is a holder in due course. I think that question must be answered in the affirmative. Concededly the note is complete and regular on its face, and plaintiff became a holder of it before maturity. Plaintiff also took it for value. The old rule laid down in *Coddington* v. *Bay* (20 Johns. 637), and followed for so many years, has been overruled by section 51 of the Negotiable Instruments Law. Value is any consideration sufficient to support a simple contract. (*Kelso & Co.* v. *Ellis*, 224 N. Y. 528.)

At the time this note was negotiated plaintiff had no actual notice of any defect in Kneen's title. It cannot be said that the plaintiff had knowledge of such facts or that its actions in taking the instrument amounted to bad faith. Assuming for the moment that the bank neglected to take the precaution that the ordinarily prudent man would have taken, nevertheless its title would be good, unless it acted in bad faith. The rights of the plaintiff must be measured by the test of honesty and good faith, and not by a speculative issue as to its diligence. There being no proof of actual notice on the part of the plaintiff of Kneen's defect in title, or of bad faith on the bank's part, it follows that the plaintiff is a holder of the note in due course. (*Cheever* v. *Pittsburgh, etc., R. R. Co.,* 150 N. Y. 59; *Cole* v. *Harrison,* 167 App. Div. 336; *Hibbs* v. *Brown,* 112 id. 214, 224.)

Plaintiff is, therefore, entitled to recover whatever value it had in this note. Is that $1,000, the actual cash advanced to Kneen on the strength of this instrument as collateral, or is it $2,000, the cash actually advanced plus the contemplated credit of $1,000 on Kneen's old indebtedness to the bank?

An antecedent or pre-existing debt now constitutes value for the transfer of a note. (Neg. Inst. Law, § 51; *Kelso & Co.* v. *Ellis, supra.*) If the bank had actually credited Kneen with the payment of $1,000 on his existing debt, then I think without doubt it could recover that sum in addition to the new money it advanced and loaned Kneen at the time. But the evidence does not indicate that any credit was or ever has been given Kneen on his old debt to the bank. The evidence of both Kneen and the cashier of the plaintiff shows that the $1,000 was to be credited upon Kneen's antecedent indebtedness at some future time, in the event the Moir note was paid. That time has never come, and the credit has never been made. There was no agreement to forbear the collection of the existing indebtedness against Kneen. The bank could have sued Kneen at any moment and taken judgment against him for the total amount of his past due note, and this arrangement for a future credit, in the event of the payment of the Moir note, would have been no defense to the action. No extension of time of payment of the old note was given. The bank relinquished no rights whatever as to the old indebtedness.

Such an agreement cannot be held to constitute a consideration.

It follows that the plaintiff is entitled to judgment for $1,000 and interest from December 22, 1922, and costs.

So ordered.