HONORE PALMER and Another, as Trustees, etc., of BERTHA HONORE PALMER, Deceased, Respondents, v. JOHN T. BROOK, Appellant, Impleaded with FANNIE BROOK, Defendant.

First Department, February 14, 1930.

*Charles T. B. Rowe*, for the appellant.

*Theo. J. Miller* of counsel [*Dunnington, Walker & Gregg*, attorneys], for the respondents.

MARTIN, J. The plaintiffs, as trustees under the last will and testament of Bertha Honore Palmer, deceased, seek to recover on

three notes made by the defendants, dated June 20, 1925, executed and delivered in Florida and made payable in that State, one, two and three years after date, to the order of A. C. Honore.

The payee died July 6, 1926, shortly after the maturity of the first note and nearly two years before the maturity of the third note. There is no allegation in the complaint of the indorsement, assignment or other transfer of any note by the payee or his legal representatives; nor is there any allegation of probate or adminis-tration proceedings of the payee's estate. The appellant contends that the complaint does not set forth facts to show the trans-mission of title from the makers of the notes to the plaintiffs. The notes were payable to A. C. Honore, and paragraph " Second " alleges that A. C. Honore, also known as Adrian C. Honore, " was then duly qualified and acting as the trustee under the Thirteenth paragraph of the last will and testament of Bertha Honore Palmer; deceased."

Paragraph " Third " of the complaint alleges that A. C. Honore died, and that the plaintiffs " were duly substituted and duly qualified as successor trustees to the said Adrian C. Honore, as trustee under the Thirteenth paragraph of the last will and testament of Bertha Honore Palmer, deceased, and are the owners and holders of the said note."

Although the complaint alleges ownership of the notes, it also alleges facts which negative ownership and overcome that con-clusion. Each cause of action alleges that theretofore and on or about the 20th day of June, 1925, the defendants, for a valuable consideration, made, executed and delivered to A. C. Honore a promissory note in writing, a copy of which is annexed to the complaint. An examination of the note which is annexed to the complaint shows that the note was made to A. C. Honore, as payee, by John T. Brook and Fannie Brook, as makers. The complaint then contains allegations with reference to a trusteeship which is shown by a certain will, but nothing is alleged to show the relevancy of this matter. The complaint is, therefore, defective because of its failure to show that the plaintiff is either the successor in interest or administrator or executor of the estate of the owner of the note. (*Marshall* v. *Rockwood*, 12 How. Pr. 452.)

The mere allegation that a note was made to the order of one party and is being sued upon by another does not state a cause of action. The real difficulty with this complaint is its failure to contain a simple allegation to show the devolution of title. (*Conk-ling* v. *Gandall*, 1 Keyes, 228; *Tooker* v. *Arnoux*, 76 N. Y. 397.)

In *Lord* v. *Chesebrough* (4 Sandf. 696) it was held: " If the plain-tiff's name [does] not appear in or upon the instrument, he must

connect himself with it by some suitable averment. It does not suffice, under section 162 of the Code as amended in 1851, merely to set forth a copy of the instrument with an averment that a specified sum is due to the plaintiff thereon."

If the note had been properly indorsed, possession thereof would have been sufficient, but the note set forth in the complaint is without an indorsement and the complaint fails to allege other facts to show the ownership thereof. (*Lord* v. *Chesebrough, supra.*)

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to serve an amended complaint within twenty days upon payment of said costs.

DOWLING, P. J., MERRELL, O'MALLEY and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiffs to serve an amended complaint within twenty days from service of order upon payment of said costs.