In the Matter of the Application of THE COUNTY TRUST COMPANY OF WHITE PLAINS, N. Y., Petitioner, for a Peremptory Order of Mandamus against MORRIS S. TREMAINE, as Comptroller of the State of New York, Respondent.

Supreme Court, Albany County, February 1, 1933.

*Francis Bergan,* for the petitioner.

*Kohn & Granirer,* for Sierks and Richter.

*John J. Bennett, Jr., Attorney-General [Thomas Burke* of counsel], for Morris S. Tremaine, Comptroller.

SCHENCK, J. This is an application for a peremptory order of mandamus, directing the Comptroller of the State of New York to retain funds in his hands heretofore set aside on account of the liens of Sebe Sierks and Frank Richter, Jr., until the adjudication of the rights of the several claimants to such fund.

It appears from the papers on this application that the Inter-county Construction Corporation entered into a contract with the State of New York for a public improvement known as Grand Central Parkway, section 3. In order to finance the work, the said construction company assigned all moneys due or to grow due from the State to the County Trust Company, the petitioner herein. Subsequently various liens were filed against this work, two of such lienors being Sebe Sierks and Frank Richter, Jr. Upon application of the petitioner herein orders were entered pursuant to section 21, subdivision 6, of the Lien Law, setting aside the amounts of these liens, together with interest and an amount sufficient to cover costs, and directing the Comptroller to retain such amount of money so set aside as required by law. The two lienors, Sebe Sierks and Frank Richter, Jr., subsequently commenced actions in the Municipal Court of the City of New York to foreclose the liens, and as a result of such action, judgments were obtained adjudicating the amounts due and directing the Comptroller to pay such amounts. At the Special Term the Comptroller appeared by the Attorney-General and stated that he had no objection to the granting of the mandamus order for which application is made so long as no costs are imposed against the State. The only question here is as to the jurisdiction of the Municipal Court of the City of New York. It is conceded that the Municipal Court of the City of New York has no jurisdiction to establish the amount of a plaintiff's lien against real property. The question to be determined is whether or not that court has jurisdiction to enforce such lien as established.

The Municipal Court Code of the City of New York, section 6, subdivision 1, provides, in part: "The Municipal Court of the City of New York shall have jurisdiction: 1. Of the following actions when the amount claimed in the summons does not exceed one thousand dollars, exclusive of interest and costs: * * * An action to establish a mechanic's lien on real property and to recover a personal judgment for the amount due."

The judgment for Sebe Sierks and Frank Richter, Jr., awarded by the Municipal Court of the City of New York is for $517.50 and $453.75, respectively, together with costs, and the judgment provides that " the People of the State of New York pay over forthwith out of such fund to plaintiff " such amounts in satisfaction of the liens.

The assignment to the petitioner of all moneys due or to become due to Intercounty Construction Corporation was filed prior to the filing of the notices of liens of the lienors. It would seem, therefore, that an adjudication should be had to determine the extent of the priority of the assignment and the liens filed and the parity of all liens and assignments if any advance were made under the assignment after the filing of any lien. (Lien Law, § 25.)

There seems to be no question as to the jurisdiction of the Municipal Court as to adjudicating the amount due a lienor and awarding a money judgment for such amount, but it seems to me that such court has not the equitable jurisdiction required to determine how much the Comptroller is to pay from the moneys retained under the provisions of the Lien Law upon the amount adjudicated to be due, nor do I believe that court has jurisdiction to determine the matter of priorities and the prorated shares of assignees and lienors against such fund. The Municipal Court of the City of New York has the mere right to render a money judgment establishing a mechanic's lien in a stated amount; it has no power to decree foreclosure and sale in the enforcement of a lien. (*Drall v. Gordon*, 51 Misc. 618; *Boynton Furnace Co.* v. *Trohn*, 141 App. Div. 773.)

In *Drall* v. *Gordon* (*supra*) the court said: " No other lienor but the plaintiff need be made a party, and the court cannot adjust the priority of liens nor permit a defendant-lienor to establish his lien in such an action; that must be done in an action brought by said lienor in person."

I am satisfied that the Municipal Court of the City of New York has no power to adjust the equities between conflicting lienors, nor direct the distribution of moneys retained by the Comptroller on public contracts and, therefore, had no jurisdiction to direct the Comptroller to pay the amount set forth in the judgments obtained by the lienors herein.

A peremptory order of mandamus is, therefore, granted, directing Morris S. Tremaine, as Comptroller of the State of New York, to retain funds in his hands heretofore set aside on account of the liens of Sebe Sierks and Frank Richter, Jr., until the adjudication by a court of competent jurisdiction on the rights of the several claimants to such funds, without costs.