Frank Del Vecchio, J.
Plaintiff has moved for summary judgment in an action brought to recover the sum of $1,606.34 representing the alleged balance due together with collection costs of a promissory note. Attached to the complaint is a copy of an instrument by which the defendants promise to pay “ to American Building Institute ” the sum of $1,736.20 in 36 monthly installments “ at the offices of Industrial Bank of Utica, Utica, N. Y.”. The note also contains an acceleration clause and an agreement to pay collection costs on default. So far as appears, there are no indorsements on the instrument.
*877 The complaint is brief; the only allegation with reference to plaintiff’s interest in the note is the statement “ That heretofore and on the 26th day of July, 1954, the defendants made and delivered to the plaintiff, herein their promissory note in writing, a copy of which is hereto attached and made a part of this complaint ’ ’, which allegation is denied by the answer. Other papers submitted by plaintiff indicate that the note was given for the purchase and installation of a heating system from the American Building Institute. The answer also sets up as defenses and counterclaims that the furnace was defective and did not comply with express warranties upon which it was sold.
In order to maintain this action plaintiff must establish either legal or equitable title to the claim alleged. Absent such an interest plaintiff has no standing as a real party in interest in the litigation. (Civ. Prac. Act, § 210; Spencer v. Standard Chems. & Metals Corp., 237 N. Y. 479, 480-481.)
On its face the note in suit represents a promise by the defendants to pay a sum specified to American Building Institute. Plaintiff’s offices are designated as the place of payment; nowhere however do the defendants assume any legal obligation to plaintiff. Nor has plaintiff pleaded any indorsement or assignment of the payee’s interest by which it acquired title to the instrument. “ While possession of an indorsed negotiable order instrument gives the holder with possession a legal presumption of ownership (Neg. Inst. Law, § 98), no such presumption obtains in the case of a transfer without endorsement, and such transfer must be proved by the holder. (Korn v. Davis, 172 N. Y. Supp. 440; Meuer v. Phenix Nat. Bank, 87 App. Div. 281; Escamilla v. Pingree, 44 Utah 421; Dorn v. Parsons, 56 Mo. 601.) ” (City Trust Co. v. Botting, 139 Mise. 684, 686.)
‘£ The mere allegation that a note was made to the order of one party and is being sued upon by another does not state a cause of action.” (Palmer v. Brook, 228 App. Div. 302, 303.) Allegation and proof of transfer are essential to plaintiff’s cause of action. Inasmuch as defendants have denied the delivery alleged in the complaint, a substantial issue of fact has been created which bars summary judgment for the plaintiff. (Werfel v. Zivnostenska Banka, 287 N. Y. 91.)
Plaintiff has offered photostatic copies of two documents signed by the defendant Deyeo Sweet. The first is an F. H. A. completion certificate bearing a statement authorizing the Industrial Bank of Utica to pay the American Building Institute $1,510 1 ‘ of the proceeds of my/our note dated 7-26-54 for $1736.20 ”. Defendant’s signature on the form does not constitute proof of plaintiff’s ownership of the note in question *878 however, particularly in view of the printed legend on the authorization that it is to be used “ only when note is payable to the lending institution ’ ’. The other proof submitted by plaintiff is a letter written by the defendant Deyeo Sweet to the bank’s former attorney in' which defendant referred to money owed to the bank. It should be recalled however that the instrument sued on was made payable at the offices of plaintiff and that, for that reason, defendant may well have regarded his obligation as to the plaintiff without in truth being cognizant of plaintiff’s status whether as owner of the claim or as collection agent only. In view of defendant’s denial of delivery and the absence of any other affidavits or proof indicating title in plaintiff, the court will not deny defendants the right to put plaintiff to its proof merely on the basis of the inconclusive statements referred to above.
There is a further reason why plaintiff’s motion for summary judgment must be denied. Plaintiff, as neither the payee nor the indorsee of an order instrument, may not qualify as a “ holder ” or a “ holder in due course ” of the note. (Negotiable Instruments Law, §§ 2, 91; Manufacturers’ Commercial Co. v. Blitz, 131 App. Div. 17; Beutel’s Brannan on Negotiable Instruments [7th ed.], pp. 648-650.) At best, it can be only a transferee and as such is subject to all defenses which the makers might assert against the payee (Goshen Nat. Bank v. Bingham, 118 N. Y. 349; Martz v. State Nat. Bank, 147 App. Div. 250, 252) including failure of consideration. (Steinberger v. Hittelman, 93 Misc. 105, 107.) The answer pleads facts which, if established, may be available to defendants in opposing plaintiff’s action on the promissory note.
In view of the foregoing, a trial will be necessary to determine the rights and liabilities of the parties on the cause of action alleged in the complaint.
The motion for summary judgment is therefore denied.
Order accordingly.